UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andre McCloud,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

                                /

Case No. 13-14619

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [19]**

This matter comes before the Court on the Magistrate Judge's Report and Recommendation [19]. Plaintiff contests Defendant's determination that Plaintiff is not entitled to social security benefits for his physical impairments. The Magistrate Judge found that substantial evidence supported the ALJ's decision and recommended that Plaintiff's motion for summary judgment [14] be denied, Defendant's motion for summary judgment [18] be granted, and the case dismissed. Plaintiff timely filed an objection on March 11, 2015 [21].

Plaintiff's only objection to the Report and Recommendation concerns the ALJ's formulation of Plaintiff's residual functional capacity (RFC), specifically regarding his need for a cane. In formulating the RFC, the ALJ considered the opinions of multiple physicians. One of the physicians, Dr. Miller, opined that Plaintiff had a medical basis for the usage of a cane for weight bearing, ambulation, and balance. The ALJ, however, accorded Dr. Miller's opinion little weight, reasoning that it was inconsistent with Dr. Miller's treatment notes and the record as a whole. (Tr. 27.) Nevertheless, the ALJ stated that she gave Dr.

Miller "the benefit of the doubt" regarding Plaintiff's need for cane and "addressed it in claimant's residual functional capacity." (*Id.*) Based on consideration of the entire record, the ALJ described Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant cannot climb ladders, ropes, or scaffolds and can only occasionally climb stairs/ramps, balance, stoop, kneel, crouch, and crawl. The claimant cannot operate foot/leg controls with the left lower extremity. The work must allow for a sit/stand at will option at the workstation and *allow for the use of a cane to ambulate distances greater than 50 feet.*

(*Id.* at 25) (emphasis added.)

Plaintiff complains about the final limitation. Plaintiff believes the ALJ's statement that she would give Dr. Miller's opinion the "benefit of the doubt" required her to fully adopt Dr. Miller's opinion, including the need for a cane for weight bearing and balance, and not just the need of a cane to ambulate distances greater than 50 feet. The Court disagrees. An ALJ's RFC determination need only be supported by substantial evidence, and, as the Magistrate Judge stated, "the ALJ is only required to incorporate into a claimant's RFC those limitations that the ALJ finds credible and supported by the record." (Report and Recommendation at 14) (citing *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Here, the ALJ did just that. As the Report and Recommendation persuasively discusses, the only cane-related limitation that the ALJ found to be credible and supported by the record was Plaintiff's need for a cane to ambulate distances greater than 50 feet. This finding was supported by substantial evidence. The ALJ was not obligated to include limitations in the RFC that she did not find to be credible and her statement that she would give Dr. Miller's opinion on Plaintiff's need for a cane the "benefit of the doubt" did not change that. The ALJ addressed Plaintiff's need

for a cane in the RFC to the extent she believed it to be credible, and this determination was supported by substantial evidence.

Accordingly, being fully advised in the premises and having reviewed the record and the pleadings, including the Report and Recommendation and Plaintiff's objections, the Court hereby ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation. Plaintiff's motion for summary judgment [14] is DENIED, Defendant's motion for summary judgment [18] is GRANTED, and the case is hereby DISMISSED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  March 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 18, 2015, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager

2:13-cv-14619-NGE-MKM Doc # 23 Filed 03/18/15 Pg 4 of 4 Pg ID 449